OPINION
Appellant, Anthony W. Campbell, appeals the December 22, 1998 judgment entry of the Lake County Court of Common Pleas in which he was adjudicated a sexual predator.
On May 27, 1998, appellant was indicted on one count of gross sexual imposition, sixteen counts of rape, eight counts of corruption of a minor, six counts of pandering sexually oriented matter involving a minor, two counts of illegal use of a minor in nudity-oriented material or performance, and one count of child endangering. On that same date, appellant entered a plea of "not guilty" at his initial hearing.
On June 11, 1998, the state filed a motion to amend the indictment. On June 16, 1998, the trial court granted the state's motion to amend the indictment to include six of the eight counts of corruption of a minor as fourth degree felonies instead of third degree felonies. On September 17, 1998, the state filed a motion of dismissal for eight counts of rape. The trial court granted the state's motion on September 30, 1998.
The indictment arose out of conduct appellant engaged in with his sister-in-law over the course of five years. At that time, the victim was between the ages of ten and fifteen years old. Appellant engaged in sexual intercourse with the victim. He also photographed her and videotaped her as she engaged in sexual conduct. The state alleges that as a result of appellant's sexual abuse, the victim became pregnant and ultimately miscarried.
On October 9, 1998, appellant entered a written guilty plea to the charges in the amended indictment. On December 9, 1998, a sentencing hearing was held. Appellant was sentenced to a total of sixteen years in prison. In addition, the trial court determined that appellant was a sexual predator as defined in R.C. 2950.01(E).
Appellant has filed a timely appeal and makes the following six assignments of error:
 "[1.] R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because [appellant's] fundamental rights have been impaired.
 "[2.] R.C. 2950.09(C) is unconstitutionally vague, thus denying [appellant] due process of law.
 "[3.] R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment.
 "[4.] R.C. [2950.09(C)] is unconstitutional on the basis of double jeopardy.
 "[5.] The trial court committed reversible error by holding that R.C. 2950.09(C) was not violative of the Ex Post Facto Clauses of the United States Constitution.
 "[6.] The finding that [appellant] is a sexual predator was against the manifest weight of the evidence.
In his first assignment of error, appellant contends that R.C. 2950.09
violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the comparable guarantee of Article I, Section 2 of the Ohio Constitution. In State v. Williams (2000),88 Ohio St.3d 513, 530, the Supreme Court of Ohio held that sex offenders are not a suspect class. The court also held that R.C. 2950.09 does not implicate a fundamental constitutional right; therefore, a rational basis analysis of R.C. 2950.09 is appropriate. Id. at 531. Applying that analysis, the court determined that the General Assembly had a rational basis for enacting R.C. 2950.09, and that the statute does not violate theFourteenth Amendment. Id.
In his second assignment of error, appellant argues that R.C. 2950.09(C) is unconstitutionally vague because it fails to provide specific guidance as to which party has the burden of proof and the evidential burden that the prosecution must meet in order for an individual to be adjudicated a sexual predator. The Williams court found "nothing impermissibly vague about the use of the clear and convincing standard in R.C. Chapter 2950."Id. at 533. Furthermore, the court held that R.C. 2950 provides adequate guidelines for a court to make a sexual predator determination. Id.
In his third assignment of error, appellant argues that the registration requirements of R.C. 2950.09(C) are sufficiently punitive in nature to constitute cruel and unusual punishment. This court addressed that issue in State v. Wheeler (July 28, 2000), Lake App. No. 99-L-095, unreported, 2000 WL 1041444. We held that "the prohibition against cruel and unusual punishment does not have any application to the sexual offender laws. Id. at 3.
In his fourth assignment of error, appellant argues that R.C. 2950.09(C) violates the double jeopardy clause of the Fifth Amendment. TheWilliams court cited State v. Cook (1998), 83 Ohio St.3d 404, for the proposition that "R.C. Chapter 2950 is neither `criminal,' nor a statute that inflicts punishment"; therefore, it "does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions."Williams, 88 Ohio St.3d at 528.
In his fifth assignment of error, appellant argues that R.C. 2950 violates the United States Constitution's prohibition on ex post facto laws. In Cook, the Supreme Court of Ohio held that "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution." Cook, 83 Ohio St.3d at paragraph two of the syllabus. The Cook court concluded that the statutory scheme served a remedial purpose and was not punitive in nature. Id. at 423.
In his sixth assignment of error, appellant asserts that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. This court's role in a manifest weight inquiry is to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." A determination that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that evidence which "produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2950.09(B)(2) sets forth various factors that a court must consider when deciding whether to adjudicate an offender as a sexual predator. These factors include:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental instability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavior characteristics that contributed to the offender's conduct."
In determining that appellant was a sexual predator, the trial court made the following findings at appellant's HB180 hearing and sentencing:
 "* * * [T]he age of the defendant in this case at this time is 31 years of age. That he has prior criminal adjudications. That the age of the victim is that the offense took place between the age of 10 and 15 years of age and were multiple in nature. That is was a sexually oriented offense or offenses. And the Court finds that there was, this was an adult having a relationship with a child, that relationship was cruel, and that the mere fact of having an adult relationship with a child is cruelty in and of itself. In the Court's view there were present in this case threats and there were some injury to the victim, physical injury, other than the injury as related to the sexual activity. There were multiple offenses and opportunities, and the Court thereby finds that by clear and convincing evidence the defendant is a sexual predator."
The trial court, in this case, has made specific findings that refer to the factors set forth in R.C. 2950.09(B)(2). The inclusion of these findings in transcripts submitted to this court, as part of the record, are sufficient for appellant to be adjudicated as a sexual predator. Drawing on a parallel of authority that generalized findings pertaining to certain statutory factors are adequate in the application of the sentencing provisions of R.C. 2929.14(B), if contained in the record of the case, or in the court's judgment entry on the subject, we conclude that the trial court, in the instant case, need not provide the specific reasons underlying such general findings. State v. Edmonson (1999),86 Ohio St.3d 324, syllabus.
We would note that in State v. Kase (Sept. 25, 1998), Lake App. No. 97-A-0083, unreported, at 2, 1998 WL 682392, this court held that in imposing consecutive sentences pursuant to R.C. 2929.14(E)(3), the trial court must include in the record "some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." That holding was based, in part, on the language of R.C. 2929.19(B)(2)(c), which requires a court to gives it reasons for imposing consecutive sentences under R.C. 2929.14. However, the sexual predator statutory language does not contain any equivalent to R.C.2929.19(B)(2)(c) that would require a trial court to identify the "specific operative facts" underlying its finding that a defendant should be adjudicated a sexual predator.
Nevertheless, we would indicate that it would be better practice on the part of a trial court to reference, in its judgment entry, its findings regarding the R.C. 2950.09(B)(2) evidential factors, as they relate to a determination as to whether one of the classifications under R.C. 2950.01et seq., regarding sexual predator, habitual sex offender, or sexual offender should apply to one who has committed a sexually oriented offense. The obvious purpose of this suggestion is to facilitate appellate review.
Finally, while we note that two evaluations of appellant were prepared indicating that appellant "has not demonstrated predatory-type behaviors" and that he is unlikely to engage in "repetitive inappropriate sexual behavior", it is within the trial court's discretion to decide how much weight it should give such reports.
For the foregoing reasons, appellant's six assignments of error are not well-taken, and we affirm the trial court's finding that appellant is a sexual predator pursuant to R.C. 2950.01(E).
 ___________________________________ DONALD R. FORD, PRESIDING JUDGE
NADER, J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.